IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KELLY STRAUB,

    Plaintiff,

v.

UNIVERSITY OF MEMPHIS,

    Defendant.

Case No. _____

**JURY DEMANDED**

## COMPLAINT

COMES NOW Plaintiff, Kelly Straub, and brings this civil rights action against her employer, the University of Memphis, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e, *et seq*. ("Title VII") and The Equal Pay Act, 29 U.S.C. §206(d). As set forth herein, Plaintiff was subjected to unlawful employment practices by Defendant constituting disparate treatment and a hostile work environment based upon race and gender, and retaliation, in violation of Title VII and the Equal Pay act.

### I. PARTIES

1. Plaintiff, Kelly Straub is a resident citizen of Shelby County, Tennessee and an employee of Defendant.

2. Defendant University of Memphis is a public university located at 3720 Alumni Avenue, Memphis, Tennessee 38152 and is governed by a local board of trustees.

## II. JURISDICTION AND VENUE

3.      The Court has jurisdiction over Plaintiff's discrimination and retaliation claims pursuant to 42 U.S.C. 2000e.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in this Court as all parties can be found in this District and all the actions complained of herein took place in this District.

## III.  STATEMENT OF FACTS

5.      Plaintiff was hired by Defendant in September 2006 as a police officer with the University of Memphis Police Services Department.   The mission of the Police Services Department is to provide a safe learning and working environment for the University and maintaining peace and order on the University campus and surrounding areas.

6.      Throughout her employment with Defendant, Plaintiff has been rated as meets or exceeds in her job performance evaluations.

7.      Plaintiff is a white female.   For the majority of the time she has been employed by the University, Officer Straub has been the only female working on her shift.

8.      At all times relevant hereto, Plaintiff was in the class of female employees protected by Title VII of the Civil Rights Act of 1964, §2000e-5 and 29 U.S.C. §206(d).

9.      The majority of Plaintiff's co-workers are African-American and male.

10.      At all times relevant hereto, Plaintiff reported to Sargent Marco Anderson, Lieutenant Robert Crout, and Colonel Ray Craft.

11.      Anderson, Crout, and Craft are African-American males.

12.      Since she began her employment with Defendant, Plaintiff has been subject to discriminatory treatment, harassment and intimidation on a daily basis based upon her race and gender by Anderson, Crout, and Craft.

2

13. For the majority of Plaintiff's employment with the University, the department provided a single locker room for the use of all of its officers. The existence of a locker room is necessary because of the amount of equipment the officers carry on a daily basis.

14. As the only female working on her shift, Plaintiff was forced to share the locker room with her male colleagues. Many times, this led to Plaintiff being confronted by naked or nearly-naked male officers when she changed clothes at the beginnings and endings of her shift. This created a sexually hostile atmosphere for Plaintiff on a daily basis.

15. Plaintiff complained about the situation to her supervisors. In response, the University closed the locker room to all of the officers. This move had the added effect of isolating Plaintiff in the eyes of her fellow officers, who were well aware of the reason for the loss of the locker room.

16. In April 2013, Plaintiff as required by Sgt. Anderson to use the men's room within the dispatch office while Anderson remained within the dispatch office and in earshot of the restroom, despite the fact that a women's room was just outside the dispatch office.

17. Plaintiff has been routinely referred to – not by her name and rank as her male counterparts are – but as "her" or "she" both over the radio and in person.

18. Plaintiff has been counseled on more than one occasion for using tobacco products on duty, while similarly-situated male officers who have engaged in similar conduct have not been counseled.

19. Lt. Crout has – on more than one occasion – made racially charged comments during roll call and other times during the work day, including but not limited to referring to white officers as "white motherfuckers", referring to himself as "HNIC", stating that "some whites" have

problems taking orders from a black officer, referring to one police officer as "Pablo" and "lazy Mexican" and another white officer as "ball-licker."

20. Crout has called Plaintiff a "white bitch," "skinny white bitch," and a "stupid white motherfucker" on numerous occasions directly to Plaintiff and to others.

21. In October 2015, Lt. Crout and Sgt. Anderson were discussing, in front of other officers, whether to issue discipline to Plaintiff for an absence and missing keys. Lt. Crout told Anderson, "Write that bitch up for both." A few days later, Plaintiff was served with the discipline.

22. In April 2016, Plaintiff complained of comments made by Lt. Crout during roll call in which he stated, "Do your job or you're going to jail," which she took to be directed at her and complained about the disparate treatment she had been suffering on her shift. Immediately thereafter, Plaintiff was subjected to an unwarranted investigation and counselling based upon an allegation that she had made an unprofessional statement about the workplace in a conversation with other, male officers. No other officer involved in the conversation was subjected to an investigation or counseling.

23. During her employment with Defendant, Plaintiff learned that two of her male co-workers, who performed equal work as Plaintiff, were earning more than her despite the fact that Plaintiff had significantly longer relevant experience as a patrol officer than the two male officers.

24. This differential in pay continued throughout Plaintiff's employment and, upon information and belief, continues today.

25. Plaintiff filed a charge of discrimination with the Equal Employment Opportunities Commission ("EEOC") on August 22, 2016, alleging discrimination based upon her race and gender and retaliation. Plaintiff named Anderson, Craft and Crout as responsible management officials. A true and correct copy of the charge is attached hereto as Exhibit A.

26. Following her complaints of discrimination and the filing her charge of discrimination, Plaintiff has ben subjected to harassment, intimidation, and disparate treatment by her supervisors, including but not limited to Crout. Such harassment and intimidation includes, but is not limited to, assignments to shifts short on manpower, assignments to higher work load areas, denial of overtime, and assignments to work with faulty equipment and equipment in disrepair, lowered performance evaluations, baseless investigations and discipline by her supervisors, and denial of training.

27. On August 26, 2016, Plaintiff made an arrest and – as a matter of standing policy at the department – made arrangements to transport the prisoner to the jail at 201 Poplar Avenue in Memphis, Tennessee. Sgt. Anderson told Plaintiff that she could not transport her own prisoner because it would "create overtime." Plaintiff submits that no other officer was denied transporting a prisoner because of overtime.

28. On March 14, 2017, Plaintiff responded to a traffic accident with another officer – officer Vickers – near the University, which required two officers to direct traffic traveling in two directions, safely around the accident. Sgt. Anderson, knowing that the situation required two officers, ordered Vickers to leave the scene, leaving Plaintiff to direct traffic alone, thereby putting Plaintiff's safety at risk. Plaintiff submits that no other officer has been required to direct traffic on a busy two-way street alone.

29. Later in March 2017, Plaintiff was given an order by Sgt. Anderson to write a memo about an incident. At the time, Plaintiff was off-duty and attending a sporting event for her children and asked that she write the memo when she returned to work on Monday. Anderson refused and required Plaintiff to come in on her off day and write the memo, which she did. When she returned

to work on Monday, Sgt. Anderson informed her that he would not review the memo until later that day.

30. On September 19, 2017, Plaintiff received discipline for "neglect of duty and improper disposal of property/evidence" and was placed on a Performance Improvement Plan and placed on a 90-day probation.  Even though Sgt. Anderson and another, male, officer were on the scene of the incident which precipitated the discipline, neither received counseling or discipline.

31. On July 31, 2018, the EEOC issued a Notice of Suit Rights to Plaintiff.  A true and correct copy of the Notice is attached hereto as Exhibit B.

32. Other similarly-situated individuals who have not participated in or voiced opposition to perceived discriminatory practices have been treated more favorably than Plaintiff.

33. But for Plaintiff's EEO activity, Defendant would not have taken the adverse employment actions against Plaintiff described herein.

34. Other similarly-situated African American employees have been treated more favorably by Defendant than Plaintiff.

35. Other similarly-situated male individuals have been treated more favorably than Plaintiff.

36. Plaintiff has exhausted her administrative remedies.  This action is timely filed.

## IV.  CAUSE OF ACTIONS

### A.  VIOLATIONS OF TITLE VII

37. Plaintiff incorporates the paragraphs above by reference as though specifically set forth herein.

38. Defendants actions constitute unlawful race discrimination, gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e, et seq.

39. As a direct and proximate result of Defendant's intentional and unlawful conduct toward Plaintiff, Plaintiff has and continues to lose significant wages and benefits and has sustained other pecuniary loss. Plaintiff, as a direct result of Defendant's intentional and unlawful actions, has suffered damage to her professional career and professional reputation, as well as to her personal reputation. Further, Defendant's intentional and unlawful actions taken against Plaintiff have been demeaning to Plaintiff and have caused Plaintiff to suffer mental anguish, humiliation, and embarrassment, as well as emotional distress.

### B.  EQUAL PAY ACT CLAIM

40. Plaintiff incorporates the paragraphs above by reference as though specifically set forth herein.

41. Defendant paid male individuals with less experience and training than it paid Plaintiff for similar, if not identical, work.

42. The actions of Defendant constitute a direct violation of the Equal Pay Act, 29 U.S.C. §206(d).

43. The violations of the law asserted in this Complaint were willful and knowing.

44. Defendant's actions have directly caused damage to Plaintiff, including pecuniary loss of wages which continues today and will continue in the future.

### V.  PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, Plaintiff prays that the following relief be granted following a jury verdict in her favor:

1. An award of back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2. damages in an amount equal to the total of the unpaid and lost wages Plaintiff would have earned under 29 U.S.C. § 206;

3. an equal additional amount as liquidated damage under 216(b) and (c);

4. Compensatory damages for emotional distress, loss of enjoyment of life, humiliation and embarrassment caused by Defendants in an amount to be determined by the jury;

6. All costs, expenses, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under Title VII

7. A Declaration that Defendant's practices as complained of herein to be in violation of Title VII and the Equal Pay Act;

8. Injunctive relief;

9. A trial by jury; and

10. Such further legal and equitable relief as is deemed just and proper.

    Respectfully Submitted,

*/s/ James M. Allen*
JAMES M. ALLEN BPR 015968
Attorney for Plaintiff
ALLEN LAW FIRM, PLLC
212 Adams Avenue
Memphis, TN 38103
901-321-0731 P
901-321-0751 F
jim@jmallenlaw.com